IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Jennifer R. Bergmann as Personal Representative of the Estate of Rita L. Rogers, | ) ) ) ) | C.A. No. 9:11-CV-00411 |
| Plaintiff, | ) ) | |
| vs. | ) ) | **ORDER AND OPINION** |
| Federal National Mortgage Association (Fannie Mae), Frank Moriarty, Shelton Properties, Inc., FirstServices Residential Realty, Inc. and Kim Savage, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

Plaintiff Jennifer R. Bergmann, ("Plaintiff") in her capacity as the Personal Representative of the Estate of Rita L. Rogers, filed this wrongful death action in the Jasper County Court of Common Pleas on January 7, 2011, against Defendants Federal National Mortgage Association ("Fannie Mae"); Frank Moriarty ("Moriarty"); Shelton Properties, Inc. ("Shelton"); FirstServices Residential Realty, Inc. ("FirstServices"); and Kim Savage ("Savage") (collectively Defendants). Plaintiff seeks to recover damages for the death of the decedent who was allegedly struck by fallen pine tree limbs located on Defendants' property. Fannie Mae removed the case on February 18, 2011. This matter is before the court on the Plaintiff's motion to remand, which was filed on March 17, 2011. On April 12, 2011, Fannie Mae filed its response to the Plaintiff's motion to remand. After reviewing the filings of the parties and the record in this case, the court finds that remand of the case is appropriate.

## FACTS

FirstServices was served by certified mail on January 13, 2011.[1] Entry 32 at 3. Shelton Properties was served on January 18, 2011. Entry 32 at 5. Savage acknowledges that she received a copy of the summons and complaint on January 18, 2011, but contends that she was not properly served. Entry 9 at 1-2. Fannie Mae acknowledges that it received a copy of the summons and complaint on January 24, 2011, but contends that it has not been properly served. *Id.* Moriarty was served on February 11, 2011. Entry 32 at 1. On February 18, 2011, when Fannie Mae filed its notice of removal, no other defendants joined in the removal. Entry 1. On March 7, 2011, Fannie Mae, FirstServices, and Savage filed a joint statement in response to the court's order concerning removal. Entry 9. On April 8, 2011, Moriarty, Shelton, FirstServices, and Savage filed a consent to removal. Entry 24.

## DISCUSSION

Plaintiff contends that removal was defective and that remand is required because Defendants did not all timely consent to removal. Entry 17-1 at 8. Defendants contend that removal was proper because: 1) service upon Fannie Mae was defective, Entry 25 at 7-8;[2] and 2) "[a]ll Defendants have at all times consented to removal," *id.* at 8.

Title 28, United States Code, Section 1446 provides:

---

[1] First Services denies that it was served with the summons and complaint, but a return receipt for certified mail dated January 13, 2011 and filed with the court indicates otherwise. Entry 9 at 1-2; Entry 35 at 3; *See* Fed. R. Civ. P. 4(d)(8).

[2] South Carolina Rule of Civil Procedure 4(d), upon which Defendants rely in arguing that Fannie Mae was not properly served, provides that service by certified mail is effective upon the date of delivery as shown on the return receipt. S.C.R. Civ. P. 4(d)(8). The return receipt for Plaintiff's certified mailing to Fannie Mae does not contain a delivery date.

> (a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

*Id.* The Fourth Circuit has adopted the "*McKinney* Intermediate Rule" with regard to the timing and consent to removal in multiple defendant cases. "[T]he *McKinney* Intermediate Rule requires notice of removal to be filed within the first-served defendant's thirty-day window, but gives later-served defendants thirty days from the date they were served to join the notice of removal." *Barbour v. Int'l Union*, No. 08-1740, 2011 WL 242131, at *7 (4th Cir. Jan. 28, 2011) (internal citation omitted).[1]

The rule of unanimity requires that all defendants join in a petition for removal. *See Barbour*, 2011 WL 242131 at *5. "When a defendant does not timely join in a removal petition and the plaintiff does not waive the irregularity, the plaintiff is entitled to a remand." *Funchess v. Blitz U.S.A., Inc.*, 2010 WL 4780357 at *4 (D.S.C. Nov.16, 2010). Under the *McKinney* Intermediate Rule, each defendant is required to join in a notice of removal within 30 days of being served. *Id.*

---

[1] In the case before the court, the first-served Defendant, FirstServices, was served on January 13, 2011 as evidenced by a certified mail return receipt dated January 13, 2011. Pursuant to the *McKinney* Intermediate Rule, notice of removal had to have been filed within thirty days of service upon FirstServices, which was on February 14, 2011, in order to be timely. Thus, Fannie Mae's notice of removal, which was filed on February 18, 2011, was untimely. However, because Plaintiff concedes in her motion to remand that Fannie Mae's notice of removal was timely, Entry 17-1 at 8., and because the court assumes without deciding that original jurisdiction exists in this case, this argument is waived. *See Bank of America v. Weston*, C/A No. 2:11–468–RMG–B, 2011 WL 1630923 (D.S.C. Mar 23, 2011) ("a plaintiff's objection to an untimely removal by a defendant, in certain circumstances, is a waivable defense when a federal district court otherwise would have subject-matter jurisdiction.").

at 12. "[S]ection 1446(a) 'requires an official filing or voicing of consent.'" *Id.* (citing *Mason v. IBM*, 543 F. Supp. 444, 446 (M.D.N.C.1982)).

In the case before the court, although Defendants argue that "[a]ll Defendants at all times consented to removal," Moriarty and Shelton did not voice their consent to removal until April 8, 2011. Based upon the dates of service, neither Moriarty nor Shelton timely consented to removal. Because removal was not proper, the court will refrain from addressing Plaintiff's other basis for remand, namely that Fannie Mae's charter does not provide for federal question jurisdiction pursuant to Article III of the United States Constitution.[1]  *See Barbour v. Int'l Union*, 640 F.3d 599, 617-18 (4th Cir. 2011) (remanding based upon untimeliness and declining to address constitutional issue of preemption because judicial restraint requires court to avoid reaching constitutional questions prior to the necessity of deciding them) (citing cases).

## CONCLUSION

Plaintiff's motion to remand (Entry 18) is **granted**.

**IT IS SO ORDERED.**

                                                                    s/ Margaret B. Seymour
                                                                    The Honorable Margaret B. Seymour
                                                                    District Court Judge

Columbia, South Carolina
July 12, 2011

---

[1] Although Fannie Mae argued on brief that Fannie Mae's charter confers "original and exclusive" jurisdiction on federal courts (Entry 28 at 3), the court notes that in *Am. Ntl. Red Cross v. S.G.,* 505 U.S. 247 (1992), and *Pirelli Armstrong v. Raines*, 534 F. 3d 779 (D.C. Cir. 2008), cases upon which Fannie Mae's argument is based, the charters at issue were only found to confer original, but not exclusive, subject matter jurisdiction on federal courts. *Am. Ntl. Red Cross*, 505 U.S. at 252-57; *Pirelli*, 534 F. 3d at 784-88.